UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MATTHEW M. GONZALEZ,

    Plaintiff,

    v.

SPRING CHRIESE, et al.,

    Defendants.

Case No. 16-cv-00741-SI

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Re: Dkt. Nos. 1, 4

## BACKGROUND

Matthew Gonzalez, an inmate on pretrial detention at the Alameda County Jail, filed this *pro se* civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review under 28 U.S.C. § 1915A.

## BACKGROUND

Gonzalez's complaint alleges the following: On June 3, 2015, he received an "anoscopy turned sexual[] assault and harassment." Docket No. 1 at 4.[1] He describes the incident thusly: Nurse Practitioner Spring Chriese "lubes up plastic tool resembling a penis, and sticks it inside of me. She then pulls out and says sometimes people have gay sex and don't want to admit it. I feel dirty defencive, and assulted by her. I plead for mercy and try and defend my sexuality while nurse Caroly Arnold, deputy Linn and Spring laugh at my abuse. She then proves her statement by ordering an STD test for clamidia and gonneria. I plead my being STD free and try and deni. She says that's what I think and am ordering. I submit and give urine and ask if she will deliver

---

[1] An "anoscope" is a "short speculum for examining the anal canal and lower rectum." Stedman's Medical Dictionary 82 (24th ed. 1982).

results to save dignity. (She dosent.) All parties laugh." *Id.* (errors in source.) Gonzalez stated that he was "in a crisis cant wash away dirty feeling." *Id.* (errors in source). He made a report to mental health department and notified his public defender on June 23, 2015. Deputy Linn and Caroly Arnold retaliated and "expose[d] [Gonzalez's] medical issues in front of one of [his] peers at medical visit."[2]

Gonzalez's complaint further alleges the following. Gonzalez tried to call the PREA (i.e., Prison Rape Elimination Act) crisis line, the phone number for which was posted as "*89," but dialing that number did not connect him to a crisis line. Gonzalez figured out that the number was "#89,"and reached an advocate on July 17, 2015. An investigator, deputy Swedelson, came to see him on July 18, and a report was made. Later, on January 16, 2016, deputy Swedelson made him sign a statement he never made, i.e., that nurse practitioner Spring "asked if [Gonzalez] engaged in gay sex. That was never made and is untrue." *Id.* Gonzalez believes that deputy Swedelson made the untrue statement to "obstruct justice" and for the purposes of "retaliation" and "harassment."

The complaint had several exhibits attached to it. An inmate grievance response addressed Gonzalez's grievance about his "anal discharge," and mentioned that he had longstanding problems with hemorrhoids, on May 15, 2015 was scheduled for a non-urgent anoscopy, missed an appointment for the anoscopy on May 29, 2015, and had the anoscopy on June 3, 2015. Docket No. 1 at 7. According to the inmate grievance response, Gonzalez received prescriptions for an Anusol suppository and Tylenol for several weeks on June 3, 2015, and was informed by a nurse on June 8, 2015, that his STD test results were negative. *Id.* Gonzalez's inmate appeal dated July 4, 2015, stated that he had received suppositories and Tylenol for two months before the anoscopy. *Id.* at 8.

Also attached to the complaint was Gonzalez's inmate grievance complaining that the jail

---

[2] Gonzalez directs the reader to see grievance # 15-0910 as support for his statement that deputy Linn and Caroly Arnold "expose[d]" his medical issues and told him that it didn't matter what he said in court. Docket No. 1 at 4. The corresponding inmate grievance describes the incident thusly: "I went back to sick call on 7/1/15 and nurse Carolyn and deputy Linn ganged up on me. Maliciously Deputy Linn stepped to the door and said 'you can tell your lawer whatever you want to it ain't gonna change nothing.' Mind you this was right in front of another inmate waiting." Docket No. 1 at 9 (errors in source). The inmate grievance does not show the revelation to another inmate of anything about Gonzalez's medical condition.

posted "the wrong info everywhere at the jail *89 for sexual abuse crisis hot line. It took me time but I figured it out #89 is the correct line." *Id.* at 12. The accompanying inmate grievance response stated that the "PREA signs in your housing unit initially displayed #89. Once the mistake was discovered, the signs were fixed. A member of the Grievance Unit went to your housing unit and confirmed the PREA signs now displayed *89 as the number to call." *Id.* at 11. There is a handwritten note on the bottom of the inmate grievance response, apparently by Gonzalez, stating that the correct number is #89. *Id.*

Also attached to the complaint is a copy of a letter dated October 18, 2015 from psychologist Jeremy Coles to Gonzalez's public defender, reporting on Dr. Coles' assessment of Gonzalez's legal competency to stand trial on a variety of weapons and drug charges. Dr. Coles opined that Gonzalez's "current mental status falls just short of legal competency," and that "[d]agnostically, Mr. Gonzalez appears to be suffering with active, manic symptoms of Bipolar Disorder." Docket No. 1-1 at 1-2. Dr. Coles noted that Gonzalez "is quite preoccupied with an event that occurred in jail during which he feels a physician sexually harassed him. Finally, he has health concerns, namely that he is defecating parts of his body. All of these issues are circulating around in his head and making it hard for him to focus on his legal situation." *Id.* at 1.

## DISCUSSION

A.  <u>Review of Complaint</u>

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Specific facts are not necessary; the statement

3

need only . . . give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations and internal quotation marks omitted). Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Pro se complaints must be liberally construed. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

When a pretrial detainee challenges conditions of his confinement, the proper inquiry is whether the conditions amount to punishment in violation of the Due Process Clause of the Fourteenth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). The Eighth Amendment does not apply to pretrial detainees ; rather, "[w]here the State seeks to impose punishment without such an adjudication, the pertinent guarantee is the Due Process Clause of the Fourteenth Amendment." *Id.*

The complaint has several problems. First, although Gonzalez labels the anoscopy a sexual assault, he has not alleged facts that plausibly suggest he was sexually assaulted by the nurse practitioner. His exhibits indicate that he sought medical care for hemorrhoids, anal discharge and pain, and that the nurse practitioner conducted an examination with an anoscope. The exhibits show that an anoscopy was planned and scheduled for Gonzalez. Although the examination may have made him feel squeamish, Gonzalez has not alleged facts that plausibly suggest that anything more than a medical examination was conducted. Likewise, the allegation that the nurse practitioner asked Gonzalez whether he had sex with men and her decision to run a test for sexually-transmitted diseases does not plausibly suggest anything more than that the nurse

4

practitioner was being thorough in her examination of a man complaining of anal discharge and pain. Leave to amend is granted so that Gonzalez may attempt to allege facts, if he has them, that plausibly suggest a sexual assault occurred.

Second, Gonzalez's allegations that he was laughed at by the nurse practitioner, nurse and deputy after denying that he had sex with men does not alone rise to the level of a constitutional violation. As the Ninth Circuit has explained, "'the exchange of verbal insults between inmates and guards is a constant, daily ritual observed in this nation's prisons' of which 'we do not approve,' but which do not violate the Eighth Amendment." *Watison v. Carter*, 668 F.3d 1108, 1113 (9th Cir. 2012) (quoting *Somers v. Thurman*, 109 F.3d 614, 622 (9th Cir.1997) (internal quotation marks omitted).) Leave to amend is granted so that Gonzalez may attempt to allege facts plausibly suggesting that the conduct of nurse practitioner, nurse and deputy went beyond verbal harassment.

Third, Gonzalez has not alleged facts plausibly suggesting that he was subject to retaliation. An inmate has a First Amendment right to file grievances against prison or jail officials without being subjected to retaliation in response thereto. *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). The requirement that the adverse action be taken "because of" the protected conduct requires that the inmate show "causal connection between the adverse action and the protected conduct." *Watison*, 668 F.3d at 1114. Mere speculation that a defendant acted out of retaliation is not enough. *See Wood v. Yordy*, 753 F.3d 899, 904-05 (9th Cir. 2014) (affirming grant of summary judgment where no evidence that defendants knew about plaintiff's prior lawsuit, or that defendants' disparaging remarks were made in reference to prior lawsuit); *Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000) (retaliation claim cannot rest on the logical fallacy of *post hoc, ergo propter hoc*, i.e., "after this, therefore because of this"). Leave to

United States District Court
Northern District of California

1  amend is granted so that Gonzalez may attempt to allege a retaliation claim. In his amended
2  complaint he must allege facts that plausibly suggest that defendants took an adverse action
3  because of his protected conduct -- it is not enough to simply allege that an inmate request was
4  denied or that a defendant took an action adverse to the plaintiff.

5     Fourth, Gonzalez's allegation that the rape crisis phone number was not correctly listed
6  does not state a claim upon which relief may be granted.  The failure to list the correct phone
7  number for the rape crisis hot line also does not amount to punishment in violation of his right to
8  due process, especially given his allegation that he was able to figure out the right number and
9  make the call.  He also urges that it amounted to a violation of the Prison Rape Elimination Act of
10 2003 (PREA), 42 U.S.C. § 15601 et seq.   The PREA has not been found to establish a private
11 cause of action, even for allegations of prison rape.  *See Krieg v. Steele*, 599 F. App'x 231 (5th
12 Cir. 2015) (collecting cases); *Tenney v. Baldwin*, 2016 WL 2756171, at *3 (S. D. Ill. 2016) ("the
13 Court finds that the PREA does not create a private cause of action"); *De'Lonta v. Clarke*, 2012
14 WL 4458648, at *3 (W.D. Va. Sept. 11, 2012) ("Nothing in the PREA suggests that Congress
15 intended to create a private right of action for inmates to sue . . . officials for noncompliance with
16 the Act").  Therefore, Gonzalez does not state a claim upon which relief may be granted under the
17 PREA.

18    Gonzalez will be permitted to file an amended complaint.  In his amended complaint,
19 Gonzalez may attempt to plead his claims for a sexual assault and retaliation, but must be careful
20 to include non-conclusory factual allegations that plausibly show such violations of his rights.
21 Gonzalez also should be careful to link every defendant to his claim(s).  He must identify each
22 proposed defendant by name and link each of them to his claim by explaining what each defendant
23 did or failed to do that caused a violation of his constitutional rights.  *See Leer v. Murphy*, 844
24 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on individual defendant under § 1983 only
25 if plaintiff can show that defendant proximately caused deprivation of federally protected right);
26 *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

27
28

B. Motion For Appointment of Counsel

Gonzalez has moved for the appointment of counsel to represent him in this action. A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See id.* Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under § 1915(e)(1). Here, exceptional circumstances requiring the appointment of counsel are not evident. On the allegations of the complaint, the likelihood of success on the merits looks very low. Plaintiff has not shown a difficulty articulating his claims; instead it appears quite likely that what he has alleged occurred did not result in a violation of his constitutional rights. The motion for appointment of counsel is DENIED. (Docket No. 4.)

**CONCLUSION**

The complaint is dismissed with leave to amend. Plaintiff must file an amended complaint no later than **July 18, 2016**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims, except that he does not need to allege any claim that has been dismissed without leave to amend. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc). Failure to file an amended complaint by the deadline will result in the dismissal of this action.

**IT IS SO ORDERED**.

Dated: June 13, 2016

SUSAN ILLSTON
United States District Judge